**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

```
_____
                               :
WILLIAM DENNIS RICCI,          :    Civil No. 09-3268 (FLW)
                               :    Civil No. 09-4103 (FLW)
          Plaintiff,           :
                               :
     v.                        :    OPINION
                               :    APPLIES TO BOTH ACTIONS
STEVEN UGHETTA, et al.,        :
                               :
          Defendants.          :
_____:
```

Plaintiff, a state inmate confined at the Bayside State Prison in Leesburg, New Jersey, submitted two identical complaints for filing, and seeks to bring both above-captioned action in forma pauperis.[1]  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a) (1998), and will order the Clerk of the Court to file the complaint in Civil Action No. 09-3268 (FLW)

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

---

[1] Plaintiff's submission in Civil Action No. 09-4103 arrived with an incomplete in forma pauperis application.

Porter v. NationsCredit Consumer Disc. Co., 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003).

In light of the foregoing, the Court will direct the Clerk to administratively terminate Civil Action No. 09-4103 (FLW) as wholly duplicative of Civil Action No. 09-3268 (FLW), without assessing another filing fee against Plaintiff.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed in its entirety.

## I.  Background

Plaintiff asserts that, on February 6, 2004, Defendant Ughetta violated Plaintiff's rights by, allegedly, falsely testifying before a state judge, while Defendants Murphy and VanHise (both assistant prosecutors) violated Plaintiff's rights by, allegedly, (a) prompting Ughetta to provide false testimony, and (b) not disclosing to the judge the evidence that Plaintiff deemed favorable to him.[2]  See Docket Entry No. 1.

---

[2] Although Plaintiff qualifies such alleged non-disclosure of evidence as "tampering," the complaint makes it abundantly clear that no destruction of evidence took place, and the entire "tampering" was limited to non-disclosure.  See Docket Entry No. 1, at 7.

**II. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." See id.

3

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  Last year, addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the courts in this Circuit with detailed and careful guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' [by stating] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Twombly, 127 S. Ct. at 1964-65 . . . Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief."  Id. at 1965 n.3. . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966.  [Hence] "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965 & n.3. . . . [Indeed, it is not] sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of the proscribed conduct."  Id.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. . . . A claim has facial plausibility [only] when the plaintiff pleads factual content . . . . Id. at 556. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [,i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn . . . the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint alleges any of the elements] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope to develop facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

### III. Discussion

"[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity. See Burns v. Reed, 500 U.S. 478, 492 (1991).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function. See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant); see also Yarris v. County of Delaware, 465 F.3d 129 (3d Cir. 2006)(where the Court of Appeals for the Third Circuit presents a detailed and nuanced analysis of when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution, holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately destroying highly exculpatory evidence, but is entitled to

immunity for making the decision to deliberately withhold exculpatory evidence before and during trial).

Here, Plaintiff asserts that Defendant Murphy appeared in court as an advocate in support of an application for a search warrant. Therefore, pursuant to holding of Burns, 500 U.S. at 492, Defendant Murphy is absolutely immune from Plaintiff's suit. Moreover, since Plaintiff asserts that Defendant VanHise withheld exculpatory evidence, Defendant VanHise is absolutely immune from Plaintiff's suit under the holding of Yarris, 465 F.3d 129.

Furthermore, Defendant Ughetta is absolutely immutne from Plaintiff's challenges because a witness enjoys absolute immunity from a suit for damages, where the challenges are based on the witness' allegedly false testimony. See Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n.16 (3d Cir. 1992) (witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

Finally, even if Plaintiff did have a cognizable § 1983 claim, it would be time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2), a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See e.g., Jones v. Bock, 549 U.S. 199 (2007)(if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim"); see also Hunterson v. DiSabato, 244 Fed. App'x 455 (3d Cir. 2007)("district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run")

"[T]he accrual date of a § 1983  [*23] cause of action is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 127 S. Ct. 1091, 1095 (2007)(emphasis removed). A claim accrues as soon as the injured party "knew or had reason to

8

know of the injury that constitutes the basis of his action." Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." Fassnacht v. United States, 1996 U.S. Dist. LEXIS 1163 (E.D. Pa. Feb. 2, 1996)(citing Oshiver, 38 F.3d at 1386).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. See Cito, 892 F.2d at 25; accord Brown v. Foley,

810 F.2d 55, 56 (3d Cir. 1987). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. See Wilson v. Garcia, 471 U.S. at 269.

Here, according to the allegations in complaint, Plaintiff's claim accrued on February 6, 2004, that is, more than five years prior to Plaintiff's execution of his complaints in any of the above-captioned matters.[3] Which renders the complaint time barred for more than three years. Moreover, the complaint alleges no facts or extraordinary circumstances warranting relaxation of the statute of limitations, and this omission strongly militates against equitable tolling of the limitations period. Therefore, the Court finds that Plaintiff's claims, already substantively insufficient, are time-barred and must be dismissed with prejudice.

**IV. Conclusion**

For the foregoing reasons, Plaintiff will be allowed to proceed in this matter in forma pauperis.

---

[3] Both complaints indicate that June 19, 2009 was the date when Plaintiff executed his pleadings.

Plaintiff's complaint will be dismissed, with prejudice, for failure to state a claim or, alternatively, as untimely.  An appropriate Order accompanies this Opinion.


                                              S/Freda L. Wolfson
                                            **FREDA L. WOLFSON**
                                            **United States District Judge**

Dated: August 19, 2009